**UNITED STATES of America**

**v.**

**Moses E. PORTER, Appellant.**

**No. 23386.**

United States Court of Appeals,
District of Columbia Circuit.

Argued May 21, 1970.

Decided June 4, 1970.

Mr. Belford V. Lawson, Jr., Washington, D. C., for appellant.

Mr. Julius A. Johnson, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., John A. Terry, and Charles R. Work, Asst. U. S. Attys., were on the brief, for appellee.

Before McGOWAN and MacKINNON, Circuit Judges, and DAVIES, United States District Judge for the District of North Dakota.*

PER CURIAM:

■ Indicted for second degree murder, appellant was convicted by a jury of manslaughter. Upon this appeal, he raises a number of points which we have examined and found unavailing. Three are objections to the judge's charge, with which charge appellant's trial counsel expressly professed his satisfaction. We find, in any event, no plain error requiring reversal.[1] Rule 52(b), Fed.R.Crim.P.

* Sitting by designation pursuant to Title 28, U.S.Code Section 292(c).

1. The problem as to the court's credibility instruction is created by the court's improvident inclusion in its charge of the statement that "You may use whatever yardstick or whatever measuring device you have found effective in the past in determining what credibility you shall assess to a witness' testimony." *Compare* Instruction Eleven of the Junior Bar Association's Criminal Jury Instructions for the District of Columbia. We find no error because this statement was not objected to, and was coupled with the standard instructions on this score.

A further challenge to the indictment in this court is concluded by our decision in Gaither and Tatum v. United States, 134 U.S.App.D.C. 154, 413 F.2d 1061 (1969).

 Appellant also argues that reversal is compelled because of the trial court's failure to let defense counsel testify to pretrial conversations had by him with certain of the Government witnesses. We have very recently found an abuse of discretion in this regard, United States v. Vereen, 139 U.S.App.D.C. ——, 429 F.2d 713 (decided May 13, 1970); and we think it appropriate to note why we do not regard that decision as controlling here.

In *Vereen*, trial counsel not only sought to withdraw but offered to arrange for substitute counsel who could continue the trial to its conclusion. Here, counsel presented no such possibility and could only contemplate the certain prospect of a mistrial. Neither was the proffered testimony here of the same critical significance to the defendant as it was in *Vereen*. In that case, the Government's only eyewitness gave two conflicting versions in his direct testimony. One directly confirmed defendant's defense of duress. Defense counsel, who had interviewed in his office the Government's complaining witness, felt it necessary in this state of the record to testify that this version was what the witness had told him; and the impact of that testimony on the jury could have been very great under the circumstances. Here, counsel sought only to impeach the testimony of some witnesses that an eyewitness of the shooting was in the house when it occurred. But the latter's own testimony at the trial was not assailed directly, and the collateral impeaching matter claimed was of fragile weight. There was, in any event, another eyewitness to the shooting who testified without challenge. Under all the circumstances, we find no abuse of discretion; and, as in *Vereen*, we again remind the trial bar of the need, in the interest of efficient judicial administration, to have third parties present at their interviews of witnesses if what is said on those occasions is to be made the subject of testimony. *See* § 4.3 of the American Bar Association's Standards Relating to the Prosecution Function and the Defense Function (Tentative Draft 1970).

Affirmed.